ERIE COUNTY.—HON. ZEBULON FERRIS, SURROGATE.—June, 1882.

## HOVEY v. McLEAN.

*In the matter of the grant of letters testamentary to HARRIET E. McLEAN as executrix of the will of JOHN McLEAN, deceased.*

The language of Code Civ. Pro., § 2638, relating to objections to the grant of letters testamentary to one named as executor, and permitting an objection upon the ground " that his circumstances are *such* that they do not afford adequate security . . . . for the due administration of the estate," is more favorable to the executor than the provision of 2 R. S., 72, § 18, wherein the language used was " that his circumstances are *so precarious*," etc.

Testator, during his last illness, caused all of his personal property, consisting of deposits of moneys in savings banks, to be transferred to the name of his wife, whom, by his will, he named as executrix, giving her a life estate in all his real and personal property. It appeared that she had been a faithful wife, appreciated by her husband, and enjoying his confidence. She had no separate estate. Objections having been made to the issuing of letters testamentary to her on the ground of her circumstances,—

*Held,* that the features and circumstances disclosed did not make a case where the court, in the exercise of a reasonable discretion, could require a bond, and that letters should issue.

Shields v. Shields, 60 *Barb.*, 56—followed.

OBJECTIONS by Dwight A., Harriet D., Walter and Charles Hovey, infant grandchildren and heirs-at-law of decedent, to the grant of letters testamentary to Harriet E. McLean, decedent's widow. The facts appear sufficiently in the opinion.

ALONZO TANNER, *for executrix.*

.CHARLES F. TABOR, *special guardian for infant heirs.*

THE SURROGATE.—The will of John McLean, late of Buffalo, deceased, was admitted to probate in this court on October 6th, 1881. At that time, the special guardian of the infant heirs-at-law and next of kin objected to the granting of letters testamentary to the executrix named in the will, Harriet E. McLean, the widow of the deceased, she having no separate estate, on the ground that her circumstances were such as not to afford adequate security for the due administration of the estate. It appears, from the examination of the executrix on the probate of the will, that her husband's estate consists of about $5,000, in money deposited in savings banks in her own name, and some real estate which is hers for life, but which she may sell and convert into money in her discretion. The money in the banks was her husband's, but, during his sickness and while in the full possession of his mental faculties, he directed the officers of the banks to transfer the deposits to his wife. They had been married for twenty-four years, and had one son who lived with them, and every fact in the case would tend to show that she had

been a good wife, and was appreciated by her husband and thoroughly enjoyed his confidence. He, of course, was entirely familiar with her pecuniary circumstances, and, with faith in their sufficiency, he transferred his deposits, amounting to more than $5,000, to her credit, where they now stand. By his will, he gives to his wife a life estate in the whole of his real and personal property, and it is a grave question of construction of the will whether she has not absolute power of disposition, for her needs, of all the personal estate. It seems to me that the case of Shields v. Shields (*60 Barb.*, *56*) is controlling on the question presented. The section of the Code (2638) is more favorable to the executrix now than the provisions of the Revised Statutes were when that case was decided, in that it leaves out the words "are so precarious," making it read "his circumstances are such;" and the dissent to the case cited, expressed in Freeman v. Kellogg (*4 Redf.*, *218*) has less, if any, weight. We think, with the learned Judge (POTTER) who wrote the opinion in Shields v. Shields (*supra*), that every case where such complaint is made must depend upon its own peculiar features and circumstances, of which the Surrogate is the appropriate judge. In the case at bar, I do not think the features and circumstances disclosed make a case where, in the exercise of a reasonable discretion, I can order the executrix to give bail. I do not think her circumstances are such that they do not afford adequate security for the due administration of the estate.

The objections of the special guardian are dismissed and letters testamentary will issue to the executrix named in the will.

Decreed accordingly.